**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAKESIDE RESORT ENTERPRISES, LP, ET AL | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION - LAW |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| BOARD OF SUPERVISORS OF PALMYRA TOWNSHIP, ET AL., | : | |
| | : | JUDGE A. RICHARD CAPUTO |
| | : | |
| Defendants | : | NO.:   3:CV 01 1238 |

**PRE-TRIAL MEMORANDUM ON BEHALF OF DEFENDANTS**

I.   DATE CONFERENCE WAS HELD BY COUNSEL:     August 23, 2004

**A.   JURISDICTION**

Plaintiffs' Complaint alleges that jurisdiction is proper pursuant to 28 U.S.C. § 1331 as it arises under the Laws and Constitution of the United States including 42 U.S.C. § 3601 et seq., 42 U.S.C. § 12101 et seq., 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fifth and Fourteenth Amendments of the Constitution.

**B.   SUMMARY OF FACTS AND CONTENTIONS AS TO LIABILITY**

Plaintiffs, Mark Gawron, Marcella Gawron, Gerald Gawron, and Jerome Gawron, are shareholders and/or directors and/or limited partners of various business entities, including Lakeside Resort Enterprises LP, that have financial and/or ownership interest in business and property known as the Lakeside Resort Hotel and Marina located on Lake Wallenpaupack in Palmyra Township, Pike County, Pennsylvania.  Lakeside Resort Hotel and Marina consists of businesses including

water and

sewer services, a hotel restaurant complex, timeshare units, an RV park and marina located in an area currently zoned as Community Commercial District.

Plaintiffs filed a Complaint against the Defendants setting forth a claim for discrimination under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiffs have also set forth claims alleging that the Defendants violated the Fair Housing Act, 42 U.S.C. § 3601 et seq. and the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. In addition, Plaintiffs have set forth claims against the Defendants for conspiring to violate their federally protected rights and intentionally interfering with a proposed transaction for the sale of their property to Greenway Center, Inc. Plaintiffs also allege that the Defendants' actions were outrageous.

Defendants deny Plaintiffs' claims. The remaining Defendants are the Board of Supervisors of Palmyra Township which is comprised of Township Supervisors, Thomas A. Simons, Eric J. Ehrhardt and Kenneth S. Coutts. Defendant, Carson Helfrich is the Palmyra Township Administrator and Defendant, Rolin Edwards is the Palmyra Township Zoning Officer. The claims against these Defendants as individuals have been dismissed.

In the Fall of 1999, Township Administrator Carson Helfrich was asked by the Board of Supervisors to work on a complete update of the Palmyra Township Zoning Ordinance which had been discussed for over a year preceding this request. The Palmyra Township Zoning Ordinance enacted in 1992 was in effect in 1999. The Zoning Ordinance enacted in 1992 did not contain a definition for treatment centers. In January, 2000, Mr. Helfrich was working on a definition for treatment centers to be included in the draft Ordinance. At that time, Mr. Helfrich was also working on a definition for health facilities to be included in the draft Ordinance. Mr. Helfrich's working definition of treatment centers included reference to facilities to provide housing for persons needing

treatment and/or counseling for chronic abuse of or addiction to alcohol and/or a controlled substance.

In March, 2000, Mr. Helfrich continued working on possible amendments to the Zoning Ordinance. Mr. Helfrich was working on possible amendments to the "District Regulations" section of the Zoning Ordinance specifically regarding treatment centers/clinics, which for the first time were identified as allowable conditional uses in the Highway Commercial Zoning District in Palmyra Township.

Mr. Helfrich inserted a specific section dealing with treatment centers/clinics and health facilities into the draft Zoning Ordinance in March, 2000. The draft Zoning Ordinance being worked on by Mr. Helfrich which incorporated the possible amendments to the Zoning Ordinance was provided to the Board of Supervisors in the Spring of 2000 for their review and comment.

Palmyra Township Board of Supervisors published the proposed zoning amendment to the Zoning Ordinance on October 19 and 26, 2000 for a hearing to be held on November 17, 2000. The Board of Supervisors conducted a hearing on the proposed zoning amendment on November 17, 2000 which was attended by Plaintiffs, Marcella Gawron and Jerry Gawron, and their attorney. No action was taken on the proposed zoning amendment at the November 17th hearing. The Board of Supervisors held a second hearing on January 2, 2001 regarding the proposed zoning amendment. Following this hearing, the Board of Supervisors adopted the zoning amendment, Ordinance No. 87-2001.

Plaintiffs allege that they had negotiated the sale of the Lakeside Resort property, specifically the hotel facility only, to Greenway Center, Inc. prior to the first publication of the zoning amendment on October 19, 2000. Plaintiffs allege that they had established institutional uses for the property and had been marketing and negotiating for the sale and subdivision of the property based upon institutional uses of the property, including its use as a drug and alcohol treatment center,

and that this was allegedly known by Palmyra Township prior to the publication of the proposed amendment on October 19, 2000.  However, it was not until November 1, 2000 that Plaintiffs and Greenway Center, Inc. filed a Conditional Use Application with Palmyra Township regarding the use of the hotel facility for a drug and alcohol treatment center.

There was no formal notification provided by the Plaintiffs to the Board of Supervisors of the possible use of the property as a drug and alcohol treatment center prior to the filing of the Conditional Use Application on November 1, 2000.  Obviously, the Conditional Use Application was filed after the publication of the zoning amendment on October 19 and 26, 2000.

At the regularly scheduled Board of Supervisors meeting on November 5, 2000, the Board of Supervisors determined that they would not schedule a hearing on Plaintiffs' Conditional Use Application and that it would be tabled because there was a pending zoning amendment that would have an impact on the proposed use of the property as a drug and alcohol treatment center.

Plaintiffs allege that the Board of Supervisors at the January 2, 2001 hearing voted to apply the Pending Ordinance Doctrine to the Plaintiffs' proposed use of the hotel facility and to their pending Conditional Use Application filed on November 1, 2000.  On February 20, 2001, Palmyra Township held a conditional use hearing regarding Plaintiffs' Conditional Use Application. Plaintiffs did not attend this hearing nor did they present any evidence or testimony in support of their Conditional Use Application.  Prior to this hearing, Plaintiffs' attorney advised Palmyra Township Solicitor Anthony Waldron that they would not be presenting any testimony at the hearing since they expected the Conditional Use Application would be denied based upon the adoption of the amendment to the Zoning Ordinance on January 2, 2001.  It was agreed to between the Board of Supervisors and Plaintiffs' attorney that the testimony presented at the hearings on November 17th and January 2nd would be included in the record pertaining to the Conditional Use Application and the conditional use hearing held on February 20th.

The amendment to the Zoning Ordinance adopted by the Board of Supervisors on January 2, 2001 did not permit a drug and alcohol treatment center/clinic to be operated in a Community Commercial Zoning District.  However, a drug and alcohol treatment center/clinic could be located in a Highway Commercial Zoning District within Palmyra Township.  There are properties zoned in the Highway Commercial Zoning District in Palmyra Township.  Based on these factors, Solicitor Waldron recommended to the Board of Supervisors that they deny Plaintiffs' Conditional Use Application.  The Board of Supervisors then unanimously denied Plaintiffs' Conditional Use Application because the current Zoning Ordinance did not allow for a treatment center in the Community Commercial Zoning District.

Solicitor Waldron prepared a written decision dated February 28, 2001.  In his decision, Solicitor Waldron noted that Plaintiffs' and Greenway Center, Inc.'s proposed use of the property was for a treatment center/clinic which is not permitted in the Community Commercial Zoning District and that treatment centers/clinics are only zoned for the Highway Commercial Zoning District.  Solicitor Waldron also determined that Plaintiffs' Conditional Use Application was subject to the Pending Ordinance Doctrine because it was submitted while the amendments to the Zoning Ordinance were pending.  Solicitor Waldron determined that the Conditional Use Application must be denied because a treatment center/clinic was not permitted under the Zoning Ordinance at the proposed location, the Lakeside Resort Hotel.

Plaintiffs have filed appeals of the adoption of Ordinance No. 87-2001 and the denial of the Conditional Use Application in the Court of Common Pleas of Pike County.  Palmyra Township has filed responses to the appeals.  Plaintiffs have done nothing to pursue these appeals.

As of at least October 10, 2000, negotiations between the Plaintiffs and Greenway Center, Inc. were still continuing  as evidenced by an October 10, 2000 letter from Attorney Stephen Bresset, counsel for Greenway Center, Inc., to Attorney Hugh Rechner, who was representing the Plaintiffs.  In fact, as of October 26, 2000 Plaintiffs were involved in negotiations with another

potential buyer for the sale of Lakeside Resort as evidenced by an October 26, 2000 letter from their attorney to the attorney for the potential buyer.

Plaintiffs allege that the amendment of the Zoning Ordinance by the Board of Supervisors is invalid as discriminatory, illegal, and contrary to the laws of the United States including but not limited to the Fair Housing Act and the Americans With Disabilities Act. Plaintiffs allege that the actions of the Board of Supervisors in approving and enacting the amendment to the Zoning Ordinance, and deciding to apply the Pending Ordinance Doctrine to the Plaintiffs and therefore requiring their conformity to the Zoning Ordinance as amended, and in denying the Conditional Use Application and applying the amended ordinance through the Pending Ordinance Doctrine was arbitrary, irrational, capricious, discriminatory, an abuse of discretion and contrary to law for various reasons.  Plaintiffs allege that the Pending Ordinance Doctrine was improperly applied because the amendment was re-advertised due to substantial changes and the Conditional Use Application was filed prior to the re-advertised date.

Plaintiffs allege that Palmyra Township continues to discriminate against them as well as persons being treated for drug addiction and alcoholism in an improper exercise of its zoning powers which is unconstitutional under the Constitutions of the United States and Pennsylvania and in violation of State and Federal Law.  By Opinion dated June 16, 2003, the Court dismissed Plaintiffs' substantive and procedural due process claims under 42 U.S.C. § 1983.

Plaintiffs' Conditional Use Application was denied on February 20, 2001 because the Palmyra Township Zoning Ordinance did not allow a treatment center/clinic at the Lakeside property location.  Treatment centers were allowed as a conditional use in the Highway Commercial Zoning District, but the Lakeside property is located in the Community Commercial Zoning District, which has been zoned that way since the 1980s.  Treatment centers are not allowed as a use in the Community Commercial Zoning District.  The classification of treatment center/clinic was made

effective by Ordinance No. 87-2001 which was adopted by the Board of Supervisors on January 2, 2001. Ordinance No. 87-2001 contains various amendments to the Zoning Ordinance which were drafted and prepared during January and March, 2000 and were advertised for public hearings on October 19 and 26, 2000. Prior to the enactment of Ordinance No. 87-2001, there was no provision in the Zoning Ordinance for drug and alcohol treatment facilities. Ordinance No. 87-2001 was pending at the time that Plaintiffs submitted the application for the drug and alcohol treatment center on November 1, 2000. Therefore, Plaintiffs' application was subject to the Pending Ordinance Doctrine.

Prior to November 1, 2000 when Plaintiffs and Greenway Center, Inc. filed their Conditional Use Application, Plaintiffs contacted Palmyra Township about three (3) use changes for their property. In 1998, Plaintiffs proposed and applied for a Recreational Vehicle Park which was approved in April, 1999. In December, 1999/January, 2000, Plaintiffs inquired as to whether the hotel building could be changed to a nursing home and, in response, Zoning Officer Rolin Edwards issued a letter dated January 12, 2000 indicating that that use and similar uses were allowed in the Community Commercial Zoning District. However, Plaintiffs never submitted an application to change the use of their property to a nursing home. In September, 2000, Plaintiffs applied for approval of a "marina building" for the storage and repair of boats to be used in conjunction with the marina which was already a part of the Lakeside Resort operation. Palmyra Township approved the marina building in December, 2000.

Prior to November 1, 2000, Plaintiffs had never submitted an application to Palmyra Township for a treatment center/clinic or for any type of drug and alcohol addiction treatment facility. Furthermore, this type of use had never been discussed with any Township officials prior to November 1, 2000.

In early October, 2000, Solicitor Waldron heard a "rumor" of the possibility that Plaintiffs intended to locate a juvenile detention facility or a drug and alcohol treatment center in Palmyra Township. Solicitor Waldron then recommended at the October 17, 2000 meeting of the Board of Supervisors that Palmyra Township go forward with the zoning amendments already drafted by Mr. Helfrich regarding these two (2) uses. The proposed zoning amendments were then advertised two (2) days later on October 19, 2000 and then again on October 26, 2000.

On November 2, 2000, the Palmyra Township Planning Commission held its regular monthly meeting during which it reviewed the proposed Zoning Ordinance amendments, including Ordinance No. 87-2001, and recommended their approval. At that hearing, the Planning Commission listened to a presentation by Plaintiffs and Greenway Center, Inc. about the conditional use proposed in their application of November 1, 2000.

At all times the Plaintiffs' property was located in the Community Commercial Zoning District. The Community Commercial Zoning District in Palmyra Township is primarily restricted to areas along Lake Wallenpaupack and State Route 507 which parallels the lakeshore. There are many residential developments included in the Community Commercial Zoning District.

The Zoning Ordinance as it existed in 1999 provided that nursing homes, group care facilities and health facilities were allowed in the Community Commercial Zoning District as conditional uses, however, the Zoning Ordinance made no provision for detention facilities, abused person shelters, personal care homes or centers, or treatment centers/clinics. Carson Helfrich began working on the zoning amendments to include definitions for detention facilities, abused person shelters, personal care homes or centers, and treatment centers/clinics. In the March, 2000 draft of the amendments to the Zoning Ordinance, detention facilities and treatment centers/clinics were classified as conditional uses in the Highway Commercial Zoning District which is located along

major state highways and Interstate 84 which is located away from most residential and resort areas.

Mr. Helfrich distributed the March, 2000 draft of the zoning amendments to the Board of Supervisors for their review in the Spring of 2000. Mr. Helfrich reminded the Board of Supervisors at the regularly scheduled meeting on July 18, 2000 that the zoning amendments should be finalized and advertised for public hearing during the Fall or Winter of 2000. Prior to November 1, 2000, Mr. Helfrich had never been advised or learned of any possibility that the Plaintiffs intended to sell their property to be used as a drug and alcohol treatment center.

Defendants deny that the amendments to the Zoning Ordinance adopted on January 2, 2001 violate the Fair Housing Amendment Act of 1988, Title II of the Americans With Disabilities Act, the Takings Clause of 42 U.S.C. § 1983, and the Equal Protection Clause of 42 U.S.C. § 1983. Defendants deny that they are liable for a conspiracy claim under 42 U.S.C. § 1985(3) and a claim for intentional interference with prospective contractual relations. Defendants have filed a Motion in Limine requesting dismissal of Plaintiffs' intentional interference with prospective contractual relations claim as this claim is barred by the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. §§ 8541-8564.

## C. STATEMENT OF UNDISPUTED FACTS

1. Plaintiffs and Defendants have agreed to the following undisputed facts: identities of parties and named corporations, ownership of property at issue, dates and contents of drafts of Zoning Ordinance, dates of publication of proposed zoning amendments and dates of public hearings and filings.

## D. BRIEF DESCRIPTION OF DAMAGES

1. See Plaintiffs' Pre-Trial Memorandum. Defendants deny that Plaintiffs

sustained any damages.

### E. WITNESSES

1. Plaintiffs as on cross-examination;
2. Carson Helfrich;
3. Rolin Edwards;
4. Thomas A. Simons;
5. Eric J. Ehrhardt;
6. Kenneth S. Coutts;
7. R. Anthony Waldron, III, Esquire;
8. Possibly Stephen Bresset, Esquire;
9. Possibly Hugh Rechner, Esquire;
10. Possibly Sanford Beecher, Esquire;
11. Possibly other employees/officials of Palmyra Township including members of the Planning Commission and/or Zoning Hearing Board;
12. Possibly residents of communities neighboring Lakeside Resort and Hotel;
13. Defendants reserve the right to supplement this list prior to trial with due notice to the Court and counsel.

### F. SUMMARY OF EXPERT WITNESS TESTIMONY

None.

### G. PLEADINGS AND DISCOVERY

There are no outstanding pleadings and discovery is complete.

### H. LEGAL ISSUES

1. Defendants contend that they did not violate the Fair Housing Amendment Act of 1988, Title II of the Americans With Disabilities Act, the Takings Clause of 42 U.S.C. § 1983, and the Equal Protection Clause of 42 U.S.C. § 1983 when the amendments to the Zoning Ordinance were adopted on January 2, 2001.

2. Defendants contend that they are not liable for a conspiracy claim under 42 U.S.C. § 1985(3).

3. Defendants contend that they are not liable for a claim for intentional interference with a prospective contractual relationship as they are immune under the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § § 8541-8564.

4. Defendants contend that their actions in denying Plaintiffs' Conditional Use Application were proper under the Pending Ordinance Doctrine.

5. Defendants contend that Plaintiffs have not sustained any damages.

### I. **STIPULATIONS DESIRED**

1. Authenticity of all documents exchanged during discovery;

2. Authenticity of Zoning Ordinance enacted in 1992;

3. Authenticity of all draft amendments to Zoning Ordinance;

4. Authenticity of transcripts of public hearings;

5. Authenticity of correspondence authored by Attorney Stephen Bresset dated October 10, 2000 and correspondence authored by Attorney Sanford Beecher dated October 26, 2000;

      6.     Authenticity of exhibits identified in Defendants' Exhibit List.

### J.  ESTIMATED NUMBER OF TRIAL DAYS

Four (4) - five (5) days.

### K.  OTHER MATTERS

A trial in this matter was held in July, 2003. A mistrial was declared during the trial. Counsel for the Plaintiffs during the original trial, Attorney Eric Hamill, has since withdrawn his appearance on behalf of the Plaintiffs. Attorney Jeremy Haugh now represents the Plaintiffs. Attorney Haugh has indicated to the undersigned that he intends to call new witnesses and introduce new exhibits that were neither identified nor provided to counsel for the Defendants prior to the original trial. Obviously, counsel for the Defendants has not had the opportunity to depose the recently identified eyewitnesses or question the Plaintiffs and/or witnesses regarding the newly identified documents prior to trial. Defendants object to the newly identified witnesses and documents/exhibits identified by Attorney Haugh in Plaintiffs' Pre-Trial Memorandum. The identity of the new witnesses and new exhibits/documents was made to the undersigned during the counsel conference held on August 23, 2004, seven (7) days before the final Pre-Trial Conference.

### L.  EXHIBITS

Exhibit List attached.

### M.  SPECIAL VERDICT QUESTIONS

Will be supplied prior to trial.

### N. **STATEMENT OF NOTIFICATION**

   This is to certify that Defendants have been notified of the requirements of and possible sanctions under Rule 16.2 of the Local Rules of Court for the United States District Court for the Middle District of Pennsylvania.

### O. **CERTIFICATE OF MEETING**

   There are no depositions or videotapes to be presented at trial.

              Respectfully submitted,

              MURPHY, PIAZZA & GENELLO, P.C.

              BY: _____
                 PATRICK J. MURPHY, ESQUIRE

Scranton Life Building
538 Spruce Street, Suite 300
P.O. Box 909
Scranton, PA 18501
(570) 344-9444

## CERTIFICATE OF SERVICE

I, PATRICK J. MURPHY, ESQUIRE, hereby certify that I have served a true and correct copy of the foregoing Pre-Trial Memorandum on behalf of Defendants on this 24th day of August, 2004, electronically and by U.S. First Class mail, postage prepaid, upon the following:

Jeremy A. Haugh, Esquire
Hamlin Corners Professional Building
P.O. Box 735
Hamlin, PA 18427-0735

                MURPHY, PIAZZA & GENELLO, P.C.


                BY: _____
                     PATRICK J. MURPHY, ESQUIRE

Scranton Life Building
538 Spruce Street, Suite 300
P.O. Box 909
Scranton, PA 18501
(570) 344-9444